# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RYAN MACIAS,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC, et al.,<br><br>Defendants. | Case No. 1:25-cv-01980-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE ENTRY OF DEFAULT AS TO DEFENDANT JANICE GREGG OR A FURTHER STATUS REPORT<br><br>**DEADLINE: FEBRUARY 25, 2026** |

Plaintiff commenced this action on October 28, 2025, in California Superior Court, Tulare County. (ECF No. 1.) On December 22, 2025, Defendant Pilot Travel Centers LLC removed this action. (Id.) A scheduling conference is currently set for March 5, 2026. (ECF No. 2.) From the state-court documents, and a review of the docket herein, the Court was not able to ascertain the status of service on Defendant Janice Gregg. Accordingly, the Court ordered Plaintiff to file a status report on the service of Gregg as well as Plaintiff's position on whether the initial scheduling conference should be continued. (ECF No. 13.) Plaintiff timely complied and included service documents indicating that Defendant Gregg was served on November 28, 2025. (ECF No. 15.) However, Plaintiff's service documents leave the Court with more questions than answers.

When the Court screened whether this matter was appropriate to proceed with an initial scheduling conference, the Court reviewed all the accompanying documents to the notice of removal. (ECF No. 1.) As part of the notice, Defendant Pilot Travel Centers LLC ("Pilot")

1

included a declaration from a Janice Gregg, who purportedly is employed by Pilot and is potentially the subject Janice Gregg in this controversy. (ECF No. 1-3.) This Gregg declares that she has worked her entire tenure for Pilot in its corporate offices in Knoxville, Tennessee. (Id.) Moreover, Gregg declares that she has been a resident of Knoxville, Tennessee, since April 24, 1960, and she has no intention to reside or make a primary address in California. (Id.) The declaration was executed on December 19, 2025, and this Janice Gregg declared that as of that date, she had not been served personally or otherwise. (Id.)

Turning to the service documents Plaintiff has provided, these indicate that a Janice Gregg was served at 979 E. Paige Ave, Tulare, California 93274—which the Court notes that this address appears to be a Flying J Travel Center. (ECF No. 15, p. 5.) After attempting personal service multiple times, the process server engaged in substituted service by leaving the summons and complaint with a manager by the name of Anna Varro. (Id.) Thereafter, the process server mailed the same documents to Janice Gregg at 979 E. Page Ave, Tulare, California, 93274.

Thus, the Court is left to wonder, "who is Janice Gregg?" If the appropriate Janice Gregg is the employee who works in the corporate offices of Pilot in Knoxville, Tennessee, it appears that she has not yet been served. If the appropriate Janice Gregg is an employee of the Flying J Travel Center in Tulare, California, then service appears to have been completed, and Plaintiff should move for an entry of default as to this Janice Gregg. From the facts of Plaintiff's complaint, it appears to be the latter, but the Court cannot be sure.

Therefore, the Court will order Plaintiff to make this clear to the Court in one of two ways. Should Janice Gregg be an employee who works or worked at 979 E. Page Ave, Tulare, California, 93274, she has not appeared or answered, and Plaintiff should move for an entry of default. Should Janice Gregg be an employee in the corporate offices of Pilot in Knoxville, Tennessee, then Plaintiff should file a further status report explaining this discrepancy. Plaintiff need not do both.

Should Plaintiff move for entry of default, the Court provides that pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage

Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb. 11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, a plaintiff can move for default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits."  In re Hammer, 940 F.2d 524, (9th Cir. 1991) (cleaned up).

At this time, the Court will not continue March 5, 2026 initial scheduling conference.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff shall file a request for entry of default no later than **February 25, 2026**;

**or**

2.   Plaintiff shall file a further status report no later than **February 25, 2026**; and

3.   Plaintiff is advised that failure to comply with this order may result in a recommendation that this defendant be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **February 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3