# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RYAN MACIAS,<br>Plaintiff,<br>v.<br>PILOT TRAVEL CENTERS LLC, et al.,<br>Defendants. | Case No. 1:25-cv-01980-JLT-SAB<br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT STIPULATED DISMISSAL<br>(ECF No. 23) |

On September 25, 2026, the parties filed a stipulation dismissing this action with prejudice. (ECF No. 23.) The stipulation includes a request that the Court "retain jurisdiction over the undersigned parties and the subject matter of this action for the limited purpose of enforcing the terms of the settlement agreement, including overseeing and confirming payment of the settlement consideration." (Id.)

Once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather the settlement of the action. In addition, absent a specific request and showing of good cause, the Court generally declines generic requests to retain jurisdiction following dismissal. And such retention requires a subsequent order of approval from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. . . . Enforcement of the settlement agreement, however, whether through award of

damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.”).

The parties’ stipulation here requests that the Court retain jurisdiction “until all settlement payments have been fully disbursed, negotiated, and irrevocably cleared through the applicable financial institutions.” (ECF No. 23.) However, the terms of the settlement agreement have been finalized and the agreement has been executed. (Id.) Thus, it appears that the parties are requesting that the Court retain jurisdiction after dismissal for *performance* of the parties’ agreement. Yet, the parties fail to provide any facts demonstrating good cause for the Court to retain jurisdiction for mere performance of the finalized settlement agreement. Accordingly, the Court DENIES the parties’ generic request to retain jurisdiction following the stipulated dismissal.

In light of the stipulation, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed pursuant to the terms of the stipulation.

Accordingly, the Clerk of the Court is DIRECTED to CLOSE the file in this case and adjust the docket to reflect the stipulated dismissal pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **September 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge